## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : <u>JURY TRIAL DEMANDED</u> |
| v. | : |
| | : **<u>COMPLAINT FOR VIOLATION OF THE</u>** |
| CITRIX SYSTEMS, INC., BOB | : **<u>SECURITIES EXCHANGE ACT OF 1934</u>** |
| CALDERONI, NANCI CALDWELL, | : |
| MURRAY J. DEMO, THOMAS HOGAN, | : |
| MOIRA KILCOYNE, ROBERT E. | : |
| KNOWLING JR., PETER JOHN | : |
| SACRIPANTI, and JD SHERMAN, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On January 31, 2022 Citrix Systems, Inc. ("Citrix" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Picard Parent, Inc. and Picard Merger Sub, Inc. (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Citrix's stockholders will receive $104.00 in cash per share.

3. On March 3, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Citrix common stock. Plaintiff resides in this District.

9. Defendant Citrix is a Delaware corporation. Citrix's common stock is traded on the NASDAQ under the ticker symbol "CTXS."

10. Defendant Bob Calderoni is Interim President, Chief Executive Officer, and Chairman of the Board of Directors of Citrix (the "Board").

11. Defendant Nanci Caldwell is a member of the Board.

12. Defendant Murray J. Demo is a member of the Board.

13. Defendant Thomas Hogan is a member of the Board.

14. Defendant Moira Kilcoyne is a member of the Board.

15. Defendant Robert E. Knowling, Jr. is a member of the Board.

16. Defendant Peter John Sacripanti is a member of the Board.

17. Defendant JD Sherman is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Citrix builds digital workspace technology that helps organizations unlock human potential and deliver a consistent workspace experience.

20. On January 31, 2022, Citrix entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

Citrix Systems, Inc. (NASDAQ: CTXS) ("Citrix"), today announced that it has entered into a definitive agreement under which affiliates of Vista Equity Partners ("Vista"), a leading global investment firm focused exclusively on enterprise software, data and technology-enabled businesses, and Evergreen Coast Capital Corporation ("Evergreen"), an affiliate of Elliott Investment Management L.P. ("Elliott"), will acquire Citrix in an all-cash transaction valued at $16.5 billion, including the assumption of Citrix debt.

Under the terms of the agreement, Citrix shareholders will receive $104.00 in cash per share. The per share purchase price represents a premium of 30 percent over the Company's unaffected 5-day VWAP as of December 7, 2021, the last trading day before market speculation regarding a potential transaction, and a premium of 24 percent over the closing price on December 20, 2021, the last trading day prior to media reports regarding a potential bid from Vista and Evergreen.

In connection with the transaction, Vista and Evergreen intend to combine Citrix and TIBCO Software ("TIBCO"), one of Vista's portfolio companies. TIBCO is a global leader in enterprise data management, empowering its customers to connect, unify, and confidently predict business outcomes. The combination brings together Citrix's secure digital workspace and application delivery suite with TIBCO's real-time intelligent data and analytics capabilities to empower customers and users with the secure application and information access and insights they need to accelerate digital transformation and navigate the hybrid workplace.

The union will create one of the world's largest software providers, serving 400,000 customers, including 98 percent of the Fortune 500, with 100 million users in 100 countries. Further, it will accelerate Citrix's defined growth strategy and SaaS

3

transition. The combined company will be positioned to provide complete, secure and optimized infrastructure for enterprise application and desktop delivery and data management to advance hybrid cloud IT strategies and meet the needs of the modern enterprise.

"Over the past three decades, Citrix has established itself as the clear leader in secure hybrid work. Our market-leading platform provides secure and reliable access to all of the applications and information employees need to get work done, wherever it needs to get done. By combining with TIBCO, we will expand this platform and the outcomes our customers achieve," said Bob Calderoni, Chair of the Citrix Board of Directors and Interim Chief Executive Officer and President. "Together with TIBCO, we will be able to operate with greater scale and provide a larger customer base with a broader range of solutions to accelerate their digital transformations and enable them to deliver the future of hybrid work. As a private company, we will have increased financial and strategic flexibility to invest in high-growth opportunities, such as DaaS, and accelerate its ongoing cloud transition."

"Today's announcement is the culmination of a strategic review process conducted over five months, including extensive outreach to both potential financial and strategic buyers," continued Calderoni. "This transaction provides our shareholders with significant immediate cash value. Moreover, this investment by Vista and Evergreen is a testament to the value Citrix has created and the reputation our team has built."

Added Dan Streetman, CEO of TIBCO, "There has never been a better time to be in the business of connected intelligent analytics, and we're thrilled to bring our industry-leading solutions to Citrix's global customers. The workplace has changed forever, and companies everywhere will require real-time access to faster, smarter insights from the increasingly large volumes of data available to them, their employees, and their ecosystems. I couldn't be more excited about our combined vision and look forward to a strong partnership."

"We have always viewed Citrix as a true technology pioneer, building and defining so many categories that have changed the landscape of the industry," said Monti Saroya, Co-Head of Vista's Flagship Fund and Senior Managing Director. "As a private company, Citrix will have access to additional resources and support, as well as more flexibility to take advantage of strong secular tailwinds with trends supporting modern and secure remote hybrid work to serve the combined customer base and invest in high growth markets."

"Citrix and TIBCO provide mission-critical software and services to many the world's most successful businesses, and we see tremendous value in combining their respective world-class offerings to help companies gather insight from the growing volumes of data generated by the hybrid work economy. Both businesses have now completed transitions to approximately 90% recurring revenue, poising the go-forward combined business to drive future growth," said John Stalder, Managing Director at Vista. "We look forward to partnering with Evergreen and

the Citrix and TIBCO teams to ensure this is a seamless transition for all stakeholders."

"We have long appreciated the mission-critical role that Citrix plays in keeping workforces connected," said Managing Partner Jesse Cohn and Senior Portfolio Manager Jason Genrich on behalf of Evergreen and Elliott. "Having first invested in Citrix more than six years ago, we have a deep understanding of its unique strengths and significant potential as a private company. We look forward to partnering with Vista and working closely with Citrix's management team and its talented employees to expand its capabilities and help drive its next phase of growth."

**Terms of the Transaction**

The transaction, which has been unanimously approved by the members of the Citrix Board of Directors voting on the matter, is expected to close mid-year, subject to customary closing conditions, including approval by Citrix shareholders and receipt of regulatory approvals. The transaction is not subject to a financing condition. Upon completion of the transaction, Citrix's shares will no longer trade on the Nasdaq, and Citrix will become a private company. Citrix will continue to operate under the Citrix name and brand, and will remain headquartered in Fort Lauderdale, FL.

Elliott and certain of its affiliates, which hold an approximately 12% interest in Citrix through a combination of outstanding shares of Citrix common stock and derivatives, have entered into a voting agreement with Citrix, pursuant to which they have agreed, among other things, to vote their shares of Citrix common stock in favor of the transaction.

**Advisors**

Qatalyst Partners is serving as financial advisor to Citrix, and Goodwin Procter LLP is acting as legal counsel.

BofA Securities, Barclays, Citi, Credit Suisse, Goldman Sachs & Co. LLC, Lazard and Mizuho Securities USA LLC, are serving as financial advisors to Vista and Evergreen. Kirkland & Ellis LLP is acting as legal counsel for Vista and TIBCO, and Gibson, Dunn & Crutcher LLP and Debevoise & Plimpton LLP are acting as legal counsel for Evergreen.

22.     On March 3, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

23.     The Proxy fails to disclose material information regarding Citrix's financial projections, specifically, the line items underlying the projections.

24.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

25.     The Proxy fails to disclose material information regarding the financial analyses conducted by Qatalyst Partners LP ("Qatalyst").  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

26.     Regarding Qatalyst's Illustrative Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Qatalyst; (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Qatalyst; and (iii) the number of fully diluted shares utilized by Qatalyst.

27.     Regarding Qatalyst's Selected Transactions Analysis, the Proxy fails to disclose: (i) the closing date for each transaction utilized by Qatalyst; and (ii) the total value of each transaction utilized by Qatalyst.

**COUNT I**

**Claim Against the Individual Defendants and Citrix for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

28. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

29. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

30. Citrix is liable as the issuer of these statements.

31. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

32. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

33. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

34. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

35. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

36. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

37. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

38. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Citrix within the meaning of Section 20(a) of the Exchange Act as alleged herein.

40. Due to their positions as officers and/or directors of Citrix and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

43. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

44. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

45. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

46. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

47. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: March 10, 2022                         **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*